## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
NORMA CROWDER                          )
8116 Arlington Blvd.                   )
Apt. 339                               )
Falls Church, VA 22042                 )
                    Plaintiff,         )      Civil Action No.
            v.                         )
AMERICAN RED CROSS                     )
2025 E Street, NW                      )
Washington, D.C. 20006                 )
                    Defendant.         )
_____)

## COMPLAINT

Plaintiff Norma Crowder ("Ms. Crowder" or "Plaintiff"), by and through her attorneys Clark Law Group, PLLC, files this action, following her exhaustion of administrative remedies, and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Red Cross's ("Defendant") unlawful discrimination against and discharge of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*. ("Title VII").

2. Defendant discriminated against Plaintiff based on her race/national origin by unlawfully terminating her.

3. To remedy Defendant's discriminatory and wrongful termination of Plaintiff, Plaintiff seeks back pay, front pay, compensatory damages, attorney's fees and costs, injunctive relief, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

4. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. The United States District Court for the District of Columbia may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.   The Court also has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3) as this matter involves a civil action by an aggrieved person under Title VII.

6. The Court may properly maintain personal jurisdiction over Defendant because Defendant's office is located in the District of Columbia.

7. Venue is properly laid in the District of Columbia pursuant to 42 U.S.C. § 2000e–5(f)(3) because the Defendant's unlawful employment action, including decision-making leading to that action occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. On September 23, 2015 Plaintiff filed a formal complaint of discrimination with the Equal Employment Opportunity Commission, ("EEOC").

10. On March 2, 2016 the EEOC issued a Dismissal and Notice of Rights.

11. Plaintiff is now timely filing this Complaint within ninety (90) days of her receipt of the Dismissal and Notice of Rights in her case by the EEOC.

12. Plaintiff has therefore exhausted her administrative remedies as to the allegations of this Complaint.

## PARTIES

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Ms. Crowder is a former Senior Disaster Program Manager and Director of Service to the Armed Forces for Defendant.

15. Ms. Crowder currently resides in Falls Church, Virginia.

16. Defendant is a non-profit organization headquartered in the District of Columbia that provides charitable services.

## FACTUAL ALLEGATIONS

17. Ms. Crowder is a woman of Hispanic descent.

18. Ms. Crowder began working for Defendant in 1987 in Defendant's Social Work department.

19. In November of 2012, Ms. Crowder became a Senior Disaster Program Manager ("SDPM") for Defendant.

20. Ms. Crowder's first level supervisor was Defendant's Regional Disaster Officer Bruce Cuber.

21. Ms. Crowder's second level supervisor was Defendant's Regional Chief Executive Kay Wilkins.

22. Defendant had adopted internal financial controls to be implemented by all of its Regional Offices.  These financial controls were designed to account for the movement of funds into and out of the organization and thereby detect fraud

23. When Ms. Crowder took the SDPM position, she assumed supervisory authority over some of Defendant's employees including Debbie McCoy and Philmer Johnson.

24.  When Ms. Crowder took the SDPM position, she discovered that the Region to which was assigned had not implemented these financial controls.

25. In March 2013, Ms. Crowder began implementing financial controls approved by Defendant designed to account for the movement of funds into and out of the organization and thereby detect fraud.

26. As a result of Ms. Crowder implementing financial controls within Defendant's organization, financial discrepancies were discovered that indicated that fraud was being committed.

27. Ms. Crowder subsequently conducted an investigation whereby, in February 2014, it was discovered that Debbie McCoy had defrauded Defendant out of approximately $42,000.

28. Ms. Crowder, at the time, was Ms. McCoy's supervisor and was instrumental in discovering Ms. McCoy's fraudulent activity.

29. In October 2014, Ms. Crowder left her SDPM position in and took another position within Defendant's organization as a Director of Service to the Armed Forces for Defendant.

30. In February of 2015, Defendant discovered Philmer Johnson had been fraudulently misappropriating Defendant's funds.

31. Ms. Crowder, since she was no longer an SDPM, was not Mr. Johnson's direct supervisor at the time that his fraud was discovered. Furthermore, the fraud engaged in by Mr. Johnson dated back to a period prior to Ms. Crowder's hiring by Defendant as an SDPM and therefore pre-dated Ms. Crowder's period of supervising Mr. Johnson.

32. On April 7, 2015 Plaintiff was terminated by Defendant, allegedly due to the fact that two persons that reported to her were discovered to have committed fraud.

33. On information and belief, Ms. Kay Wilkins and Mr. Bruce Cuber, Plaintiff's supervisors, were also disciplined as a result of the discovery of Ms. McCoy and Mr. Johnson's fraud.

34. Ms. Wilkins and Mr. Cuber are Caucasian.

35. On information and belief, Ms. Wilkins and Mr. Cuber were issued reprimands in accordance with Defendant's progressive discipline policy and were not terminated.

36. Prior to her termination, Ms. Crowder never received any discipline from Defendant and consistently received positive performance reviews.

37. Despite her clean disciplinary record and decades long history of performing well in Defendant's employ, Ms. Crowder was the only individual terminated in relation to the fraud committed by Ms. McCoy and Mr. Johnson beyond the perpetrators themselves.

38. Ms. Crowder was also the only non-Caucasian employee disciplined regarding the fraud committed by Ms. McCoy and Mr. Johnson beyond the perpetrators themselves.

39. On information and belief, the disciplinary decisions against Ms. Crowder, Ms. Wilkins, and Mr. Cuber were made by Cliff Holtz, Defendant's President of Humanitarian Services, in consultation with Anna Trefethen, Vice President Defendant's Southeast and Caribbean Division, and other senior leadership personnel in Defendant's Humanitarian Services division in Defendant's headquarters in the District of Columbia.

## COUNT I: TERMINATION BECAUSE OF RACE/NATIONAL ORIGIN

40. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

41. Ms. Crowder belongs to a protected class based upon her race/national origin.

42. Defendant was aware of Ms. Crowder's race/national origin.

43. Defendant treated other similarly situated employees outside her protected class more favorably than Ms. Crowder by issuing them reprimands as discipline for the same course of events for which Ms. Crowder was terminated.

44. Defendant terminated Ms. Crowder rather than merely reprimanding her because of Ms. Crowder's race/national origin.

45. Any non-discriminatory reason proffered by Defendant for terminating Plaintiff's employment or for the difference in discipline imposed upon Plaintiff in comparison to her Caucasian co-workers is pretext for unlawful discrimination.

46. To redress Defendant's discriminatory acts under Count I, Plaintiff seeks back pay, injunctive relief, compensatory damages, emotional distress damages, attorneys' fees and court costs, and such other equitable relief as this Court deems appropriate.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court grant the following relief:

47. Entry of judgment in favor of Ms. Crowder and against Defendant;

48. Injunctive relief;

49. Back pay;

50. Reinstatement, or in the alternative, front pay;

51. Compensatory damages;

52. Attorney's fees and costs; and

53. Other such relief as may be appropriate to effectuate the purposes of Title VII.

Respectfully submitted,

*/s/* Denise M. Clark
Denise M. Clark, Esq. (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W., Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com